ENOCH W. EVANS, Appellant.

*vs.*

ORSON S. HEAD, Respondent.

APPEAL FROM THE KENOSHA CIRCUIT COURT.

Where suit was brought upon a due bill for over sixteen dollars, before a justice of the peace, and declaration is filed with a copy of the due bill endorsed thereon as a bill of particulars, and issue joined and trial had thereon, the plaintiff cannot, after the testimony is closed, make an endorsement on the note so as to reduce the amount due below fifteen dollars, and take judgment accordingly; as it deprives the defendant of his right of appeal.

This was action commenced by respondent against the appellant before H. Tuttle, Esq., a justice of the peace in and for Kenosha county, on the 17th day of January, A. D. 1857, on a promissory note, or due bill, of which the following is a copy, to wit:

$16 88. KENOSHA, January 29, 1851.

Due A. P. Tymeson or bearer, sixteen dollars and eighty-eight cents, at twelve per cent. for value received. Signed,

E. W. EVANS.

Summons was duly served and returned, and commanded appellant to appear before said justice on the 26th day of January, A. D, 1857, on which return day the plaintiff appeared and filed his written declaration, which contained a special count on said note and the common counts. And annexed to said declaration (which was of the kind commonly used in courts of record,) was an exact copy of the said due bill, and notice that said note was the bill of particulars of the plaintiff in that action, and which said copy of the said note so given had no endorsement thereon, for any money paid. To which

said declaration the defendant, by H. F. Schoff, his attorney, pleaded the general issue, and gave notice of set off, &c.

Whereupon the said cause was adjourned one week, and to the 2d day of February, A. D. 1857, at one o'clock, P. M., at which adjourned day, the plaintiff appeared in his own person, and the defendant by his counsel, H. F. Schoff, and the cause being called, the parties proceeded to trial, the plaintiff offered in evidence the due-bill, of which a copy is above given, and rested his cause, whereupon the defendant offered in evidence, and as an offset and payment, a promissory note, of which the following is a copy, to wit:

For value received, I promise to pay E. W. Evans, or bearer, twenty-seven dollars and fifty cents in sixty days after date, with interest, at twelve per cent.

Signed,      A. P. TYMESON.

Kenosha, September 20, 1850.

On the back of which note were the following endorsements: Oct. 20th, 1850, received on the within, five dollars. January 29th, 1851, received on the within, sixteen dollars and eighty-eight cents, being amount of note given this day to A. P. Tymeson by me, now in hands of A. M. Tymeson.

E. W. EVANS.

To the introduction of which said note in evidence, the plaintiff objected, and the objection was sustained by the court. The above being all the evidence offered by plaintiff or defendant the trial was concluded.

And the plaintiff, after the trial was so concluded, handed to the justice the promissory note declared on, and on the back of the same was an endorsement in the hand-writing of the plaintiff, in the following words and figures to wit:

" Received on the within note fourteen and 50-100 dollars, February 2, 1857," and requested the justice to enter up judgment on the note for the amount due, after deducting the

amount of said endorsement. And the justice did enter up judgment in favor of plaintiff for the sum of $14 53 damages, and $1 81 costs of suit.

And appellant, on the 12th day of February, 1857, caused to be issued a writ of certiorari from the circuit court of Kenosha county to the said justice, to remove the said judgment and proceedings before the justice to the circuit court, and for the obtaining of said writ of certiorari the appellant made his affidavit, setting forth the proceedings had before the said justice, and among other matters alleging that the respondent had filed his written declaration before the said justice, and had therein given a copy of the said promissory note declared on, and had affixed a notice thereto. That said note was a bill of particulars of the plaintiff in his said suit. That said note or copy thereof, had no endorsements thereon when the issue was made in said cause and when the trial of said suit was had, before the justice. That the respondent had made the endorsement on said note after the proofs in the same had been closed. That said endorsement on said note was altogether fictitious and void, and was so made by the said respondent to prevent this appellant from appealing said suit to the circuit court.

That the appellant had a good and valid defence to said note, which defence he could not set up before the said justice for want of time to get his evidence before said justice, within the time limited by statute to adjourn a suit before any justice. That the appellant had made his pleadings before said justice for the purpose of appealing to the circuit court, whatever judgment should be rendered by said justice on the note declared on, and on which issue had been joined, as against the appellant. That appellant nor his counsel had any knowledge of any endorsement on said note during the trial of said cause, nor until after the proofs had closed therein, and that he had never made the payment thereon to said Head, nor did he

authorize or empower him to make the endorsement thereon. That the same was made without notice to this appellant and in the hand-writing of the respondent and in a fine hand bearing date the day of the said trial, to wit : 2d of February, 1857.

The justice made return to the above writ substantially in accordance with the foregoing statement, and at the May term, 1857, of the Kenosha circuit court the cause was heard and the judgment of the justice was affirmed; from which the plaintiff appealed.

*E. W. Evans*, p. p., for the Appellant.

*O. S. Head*, p. p., for the respondent.

*By the Court*, COLE J.   Upon a careful examination of the justice's return, made to the writ of *certiorari*, we think it satisfactorily shows that the respondent, after the proofs were closed in the justice's court, made an endorsement upon the note, so as to reduce the demand below fifteen dollars; and this, under the circumstances, and at that stage of the cause, he ought not to have been permitted to do.   For whatever might have been his motive for making this voluntary endorsement, the practical effect of it was, to deprive the appellant of his right of appeal to the circuit court; when he could have a trial *de novo*, and have an opportunity of making out a good defence to the note, which he had vainly tried to establish on the trial before the justice.   It very frequently happens, that a party in a justice's court, owing to the shortness of the time allowed to prepare for trial, cannot, with the exercise of the utmost diligence, procure his witnesses or obtain the testimony necessary to render his defence successful and where upon appeal, he is able to protect his rights.

Evans vs. Head.

Besides, he may upon the trial be taken by surprise, on account of the absence of some material witness, and knowing well from the nature of the demand that if judgment was rendered against him, it would be for a sufficient amount to give, under the statute, the right of appeal, he might let the case go by default. To permit then, a plaintiff, after the proofs are in, to reduce by credits, his claim, so as to take away the right of appeal, would be giving him an undue advantage over his adversary, and might work great injustice. It is said upon the brief of the respondent that a party ought not to complain because the judgment against him is too little. As a general proposition this may be so. And yet a small judgment may be a very unjust one. For illustration suppose, an appeal could have been taken in this case, and the appellant on the trial, in the circuit court, could have shown by competent evidence that the note which was the foundation of the respondent's action, had been paid, while it belonged to A. P. Tymeson, and that it was transferred after it became due; then certainly it would be unjust to compel the plaintiff to pay any part of the note again. And because such a consequence might possibly follow, we think the respondent ought not to be permitted to make a fictitious indorsement which would reduce the demand so as to deprive the appellant of his appeal under the statute.

We express no opinion upon the other points in the case.

For the reasons given we are of the opinion that the judgment of the circuit court affirming the judgment of the justice must be reversed, and the cause remanded to the circuit court, for further proceedings in accordance with this decision.